IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| LISA SURBEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 05-0228 |
| | ) |
| STRYKER SALES CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter comes before the Court on Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(b), (c), and various other motions. Plaintiff filed suit against Defendant alleging employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17 (2000); and breach of contract. The Court has jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3), and jurisdiction over Plaintiff's breach of contract claim pursuant to 28 U.S.C. § 1367.

Plaintiff is a resident of Vienna, Virginia, and is a citizen of the Commonwealth of Virginia. Plaintiff was employed by Defendant as a Territory Mannager from June 10, 1991, to June 30, 2003. In that position, Plaintiff was responsible for medical

equipment sales in the Washington, D.C. metropolitan area. Defendant is a Michigan corporation whose principal place of business is in the State of Michigan. Defendant is licensed, however, to do business within the Commonwealth of Virginia. Defendant manufactures and sells medical equipment to healthcare providers nationwide, and qualifies as an employer under Title VII. 42 U.S.C. § 2000e(b).

Courts must grant summary judgment if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, courts view the facts in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party then has the burden of showing that a genuine dispute as to any material fact does exist. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 248. "Rule 56(e) requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions

on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

Count One of Plaintiff's Amended Complaint asserts a claim for employment discrimination based on gender. 42 U.S.C. § 2000e-2(a). Plaintiff asserts that Defendant routinely treated her differently than her male colleagues. Defendant allegedly made Plaintiff the object of discriminatory remarks, denied her an assistant when assistants were routinely provided to male salespersons, and transferred sales accounts from Plaintiff to other male salespersons. According to Plaintiff, the discriminatory nature of these acts is magnified by the fact that she regularly exceeded her sales quotas and was routinely ranked as one of the top ten revenue producers in her division.

Count Two of Plaintiff's Amended Complaint asserts a claim for retaliation. 42 U.S.C. § 2000e-3(a). Plaintiff asserts that Defendant retaliated against her for refusing to testify on Defendant's behalf in an employment discrimination case filed by a former salesperson, Trina Gillies. Because Plaintiff refused to testify in the Gillies case, Defendant allegedly made her the object of discriminatory remarks, unfairly established her sales quotas, and transferred sales accounts from Plaintiff to other male salespersons. According to Plaintiff, these retaliatory actions were caused by her "refusal to give false testimony in

favor of [Defendant]" in the Gillies lawsuit. (Pl.'s EEOC Aff. ¶¶ 7, 21.)

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on December 16, 2003. Pursuant to Plaintiff's request, her Charge of Discrimination was concurrently filed with the appropriate state or local employment discrimination agency. Title VII imposes a statutory time limit of 300 days on such claims. 42 U.S.C. § 2000e-5(e). Having filed her Charge of Discrimination on December 16, 2003, Plaintiff cannot prevail on any claim under Title VII based upon misconduct alleged to have occurred before February 19, 2003. Id.; see Nat'l Passenger R.R. Corp. V. Morgan, 536 U.S. 101, 105 (2002) ("We hold that [Title VII] precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period.").

Plaintiff does not allege in her Amended Complaint that she was subjected to a hostile work environment while employed by Defendant. Rather, her claims of employment discrimination and retaliation are limited to discrete acts of alleged misconduct that all occurred before February 19, 2003. First, the last time that sales accounts were transferred from Plaintiff to other male salespersons was in December 2002. Second, Plaintiff's final sales quota, for the year 2003, was established in December 2002. Third, Plaintiff's most recent request for an assistant was made

in April or May 2002. Fourth, the improper and derogatory comments Plaintiff alleges were made about her occurred in 2001. Therefore, each of the alleged acts of misconduct asserted in Count One and Count Two of Plaintiff's Amended Complaint is barred by the 300 day time limit imposed by Title VII because they occurred before February 19, 2003. 42 U.S.C. § 2000e-5(e).

Plaintiff argues that under Bazemore v. Friday, 478 U.S. 385, 395 (1986), her claims of employment discrimination and retaliation are not barred by the 300 day time limit imposed by Title VII. See 42 U.S.C. § 2000e-5(e). In Bazemore, the Supreme Court stated that each paycheck given to an employee pursuant to a discriminatory salary policy was a "wrong actionable under Title VII, regardless of the fact that this pattern was begun prior to the effective date of Title VII." 478 U.S. at 395-96. Plaintiff attempts to expand this reasoning to the facts in this case by arguing that each paycheck she received from the date of a discriminatory act until her resignation is a separate actionable wrong under Title VII. This argument, however, is outside the scope of Bazemore and has been rejected by the Supreme Court. See id. at 395-96; Morgan, 536 U.S. at 110-11.

The Supreme Court's holding in Bazemore addressed discriminatory salary structures, not the effects of discrete discriminatory acts on income. Id. at 389-93. If Plaintiff's view of Bazemore were accepted, every discriminatory act having any

conceivable impact upon an employee's salary (i.e., demotion, transfer of accounts, failure to promote, etc.) would eliminate the time limitations of Title VII because each new paycheck that delivered less as a result of the discriminatory act would be a new wrong actionable under Title VII. The Supreme Court, however, clearly rejected this argument in Morgan, when it held that discrete discriminatory or retaliatory actions occur, for purposes of Title VII, on the date they happen. 536 U.S. at 110-11. Therefore, each of the discriminatory and retaliatory actions alleged by Plaintiff occurred prior to February 19, 2003, and are time barred by Title VII. 42 U.S.C. 2000e-5(e).

Even if Plaintiff's Title VII claims are not barred by 42 U.S.C. § 2000e-5(e), they fail on the merits. In order to establish a prima facie case of employment discrimination based on gender, a plaintiff must show that:

> (1) she is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class.

Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004). Once a plaintiff makes such a showing, a defendant need only come forward with evidence of a legitimate, non-discriminatory reason for the adverse employment action. Mackey v. Shalala, 360 F.3d 463, 468 (4th Cir. 2004). To avoid

summary judgment, the plaintiff must then show that the defendant's stated reason is mere pretext for discrimination. Id. at 468-69.

Defendant is entitled to summary judgment as to Count One of Plaintiff's Amended Complaint because Plaintiff has not shown that she suffered an adverse employment action. First, the discriminatory remarks alleged by Plaintiff are not an adverse employment action because they did not impact the terms, conditions, or benefits of Plaintiff's employment. See Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) (holding that offhand comments "will not amount to discriminatory changes in the 'terms and conditions of employment'" sufficient to constitute a violation of Title VII); Hopkins v. Baltimore Gas & Electric, 77 F.3d 745, 754 (4th Cir. 1996) ("Title VII was not designed to create a federal remedy for all offensive language and conduct in the workplace.").

Second, Defendant's decision not to give Plaintiff an assistant is not an adverse employment action because it did not adversely affect the terms, conditions, or benefits of Plaintiff's employment. Gunten v. Md., 243 F.3d 858, 865 (4th Cir. 2001); see LaCroix v. Sears, Roebuck & Co., 240 F.3d 688, 693 (8th Cir. 2001) (holding that an employer's decision not to give a female employee an assistant was not an adverse employment action). Third, the transfer of accounts from Plaintiff to other

male salespersons is not an adverse employment action because Plaintiff has not shown evidence that Defendant's stated business purpose is mere pretext for discrimination. See Mackey, 360 F.3d at 468-69. The undisputed evidence shows that the Defendant regularly transfers accounts from successful salespersons to create new sales territories, thereby increasing its market share and profitability. While Plaintiff alleges that more accounts were transferred from her sales territory than from those of her male colleagues, Defendant has shown that this is not the case, and that accounts were regularly transferred from successful male salespersons.

In order to establish a prima facie case of retaliation, a plaintiff must show "(1) that she engaged in a protected activity; (2) that her employer took an adverse employment action against her; and (3) that there was a causal connection between the protected activity and the adverse employment action." Hill, 354 F.3d at 298. Defendant is entitled to summary judgment as to Count Two of Plaintiff's amended complaint because Plaintiff has not shown a causal connection between her conversation with Defendant's in-house counsel and the establishment of her sales quota or the transfer of accounts from Plaintiff to other male salespersons. Defendant has shown through undisputed evidence that the person responsible for establishing Plaintiff's sales quotas had no knowledge of the conversation between Plaintiff and

Defendant's in-house counsel. See <u>Shields v. Fed. Express Corp.</u>, 120 Fed. Appx. 956, 962-63 (4th Cir. 2005); <u>Dowe v. Total Action Against Poverty in Roanoke Valley</u>, 145 F.3d 653, 657 (4th Cir. 1998). Likewise, the undisputed evidence shows that Plaintiff's sales quotas were established pursuant to Defendant's standard formulaic considerations. In two of the three years in question, 2001 and 2002, Plaintiff's sales quotas increased by rates lower than the quota increase assigned to her region. In the other year in question, 2003, Plaintiff actually received a reduction in her sales quota.

   Count Three of Plaintiff's Amended Complaint asserts a claim for breach of contract. Plaintiff asserts that prior to her resignation on June 30, 2003, she completed all necessary work on several customer purchases where the sale was complete, but was pending receipt of the purchase order from the customer. Defendant allegedly breached its employment contract with Plaintiff by failing to pay her commission on these orders. According to Plaintiff, Defendant owes her commission on the purchases that she alleges were completed prior to her resignation.

   Defendant is entitled to summary judgment as to Count Three of Plaintiff's Amended Complaint because Plaintiff is contractually prohibited from recovering the commissions she seeks. In 1992 Plaintiff and Defendant jointly entered into a

Nondisclosure and Noncompetition Agreement (1992 Agreement). In 2001 Plaintiff and Defendant jointly entered into a Sales Representative Confidentiality, Intellectual Property, and Noncompetition Agreement (2001 Agreement). Plaintiff claims that the 2001 Agreement is unenforceable, and that under the terms of the 1992 Agreement she is entitled to the commissions she seeks in Count III of her Amended Complaint. Whether the 2001 Agreement is enforceable or not is irrelevant as Plaintiff's claim for breach of contract fails as a matter of law under both the 1992 Agreement and the 2001 Agreement.

The 1992 Agreement and the 2001 Agreement both state that Plaintiff is only entitled to receive commissions for completed purchases. Both agreements further provide that a purchase is not completed until the purchase has been ordered by, delivered to, accepted by, and paid for by the customer. The purchases that Plaintiff alleges she completed prior to her 2003 resignation do not qualify for commissions under either the 1992 Agreement or the 2001 Agreement. The purchase orders for these alleged purchases had not been submitted to Defendant when Plaintiff resigned in 2003, nor had the products Plaintiff allegedly sold been delivered to, accepted by, or paid for by the alleged customers. Therefore, no commission was earned on these alleged purchases because they were not completed purchases as defined in the 1992 Agreement and the 2001 Agreement.

As the Court is of the opinion that Defendant's Motion for Summary Judgment should be granted, all other motions pending before the Court are moot and should be dismissed.

An appropriate Order shall issue.

/s/
_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
November 28, 2005